**SUMMERLIN et al. v. WASHINGTON LOAN & TRUST CO. et al.**

No. 10580.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 11, 1950.

Decided Dec. 21, 1950.

Mr. Joseph P. Tumulty, Jr., Washington, D. C., with whom Mr. M. Joseph Matan, Washington, D. C., was on the brief, for appellants.

Messrs. Frederick M. Bradley and Roger M. Stuart, Jr., Washington, D. C., for appellee Washington Loan & Trust Co.

Mr. George E. Monk, with whom Mr. Nelson T. Hartson, Washington, D. C., was on the brief, 'for appellee Elna Summerlin.

Before EDGERTON, PROCTOR, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

The will of Henrietta V. Johnston made certain specific bequests and devised the residue of her estate in trust to appellee Washington Loan and Trust Company for the benefit of her husband, daughter, and two grandsons. Paragraph (b) of clause Seventh of the will directs the trustee to pay one-fourth of the net income to the testatrix's "daughter, Virginia L. Spencer, for and during the term of her natural life, and upon her death, to distribute such part of such net income and any other share of the net income from my trust fund to which she may become entitled * * * equally among my said husband * * * and my said grandsons, George Thomas Summerlin, Jr., and John Vandergrift Summerlin, for * * * their * * * lives, * * * *unless either of my said grandsons be then dead, leaving issue him surviving, in which event such issue shall be entitled* * * * to the share thereof to which the deceased grandson would have been entitled if living * * * *." (Emphasis added.) Paragraph (d) directs the trustee to pay one-fourth of the net income to the testatrix's "grandson, John Vandergrift Summerlin, for and during the term of his natural life, and *upon his death,* to pay such portion of such net income and any other share of the net income from such trust fund to which *he would have been entitled* if living among his issue * * * unless he should be survived by a widow, in which event she shall be entitled, during the term of her natural life, to one-third (1/3) of such portion of such net income and any other share of the net income from such trust fund to which my said *grandson would have been entitled if living* * * *." (Emphasis added.)

The testatrix died in 1930. Her grandson John Vandergrift Summerlin died in 1943. His mother, the testatrix's daughter Virginia L. Spencer, died in 1944. This suit was brought on behalf of John's minor children to settle a difference of opinion between their guardian on the one hand, and the Trust Company and John's widow Elna on the other, regarding the effect of the Seventh clause of the will. There is no dispute about the widow's right, under paragraph (d), to receive one-third of the income John was entitled to receive at the time of his death. The question is whether she is also entitled to one-third of the additional income he would have been entitled to receive if he had outlived his mother.

The District Court decided the question in favor of John's widow. We think it should be decided in favor of his children. Paragraph (b) gives the whole of the additional income, one-third of which the widow is claiming, to John's "issue". It does so expressly and without ambiguity. We do not read paragraph (d) as expressing a different intention. In the circumstances of this case we think the words "upon his death" should be taken literally. They mean "at his death" or "beginning at his death". The words "to which he would have been entitled if living" and "to which my said grandson would have been entitled if living" likewise refer, we think, to the time of John's death. Since John's mother outlived him, he was not entitled at the time of his death to any of the income that paragraph (b) gave to her. No doubt paragraph (d), considered by itself, might be understood to refer to times when income is distributed and not to the time of John's death. In other words this paragraph is somewhat ambiguous. But the parts of a will should be read together and ambiguous parts should normally be interpreted in conformity with unambiguous parts. We see no reason to depart from this principle here. It follows that the appellants are entitled to the income in dispute.

Reversed.